IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT SICKMAN, on behalf of plaintiff and the class members described below, | ) ) ) |
| Plaintiff, | ) No. 14 C 9748 |
| v. | ) ) Judge Robert W. Gettleman |
| ASSET RECOVERY SOLUTIONS, LLC, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert Sickman filed a one-count first amended putative class action complaint against defendant Asset Recovery Solutions, LLC ("Asset"), alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant has filed a motion to transfer venue from this court to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the court grants defendant's motion.

**BACKGROUND[1]**

Plaintiff is an individual who resides in San Antonio, Texas. Defendant is a debt collector as defined by the FDCPA, with its principal place of business in Des Plaines, Illinois. Plaintiff alleges that on or about February 7, 2014, defendant mailed him a letter, seeking to collect an alleged debt incurred for personal, family, or household purposes. According to plaintiff, in violation of section 1692f(8) of the FDCPA, the envelope containing the letter displayed through a transparent window the account number assigned to plaintiff and

---

[1] In considering a motion to transfer for improper venue, the court accepts all well-pleaded allegations in the complaint as true unless controverted by defendant's affidavits. QSN Indus., Inc. v. Sanderson, No. 95-C-3356, 1995 WL 743751, at *3 (N.D. Ill. Dec. 13, 1995).

defendant's name. Plaintiff alleges that defendant sent similar letters and envelopes to a class of approximately 40 other individuals residing in Texas.

**DISCUSSION**

**A.     Legal Standard**

28 U.S.C. § 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court may transfer a case to another jurisdiction when: (1) venue is proper in both the transferor and the transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Moore v. Motor Coach Indus., Inc., 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007). The moving party has the burden of showing that the circumstances favor a transfer. Id. A transfer must promote the efficient administration of justice, rather than simply shift the inconvenience from one party to the other. See Black v. Mitsubishi Motors Credit of America, Inc., No. 94-C-3055, 1994 WL 424112, at *1 (N.D. Ill. Aug. 10, 1994). District courts have broad discretion in deciding whether transfer is warranted. Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986).

**B.     Analysis**

Because the parties do not dispute that venue is proper in both this court and the Western District of Texas, the court has discretion to transfer the case if doing so is for the convenience of the parties and witnesses and in the interest of justice. "In determining whether a forum is more convenient, the court must consider the private interests of the parties as well as the public interest of the court." Aldridge v. Forest River, Inc., 436 F. Supp. 2d 959, 960 (N.D. Ill. 2006). The factors related to the parties' private interests include: "'(1) the plaintiff's choice of forum;

(2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses.'" Spread Spectrum Screening, LLC v. Eastman Kodak Co., No. 10-C-1101, 2010 WL 3516106, at *3 (N.D. Ill. Sept. 1, 2010), quoting Amoco Oil Co. v. Mobile Oil Corp., 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

Plaintiff argues that defendant has failed to establish that the Western District of Texas is more convenient than this venue. Generally, the plaintiff's choice of forum is given great weight. Id. However, as is the case here, where the plaintiff's forum is not his home forum and the chosen forum lacks significant contacts with the cause of action, the plaintiff's choice becomes merely one of several factors and is entitled to little weight. Id. Plaintiff and all of the putative 40 class members reside in Texas.

Not only is this district not home to plaintiff or any potential class members, it does not have significant ties to the cause of action. The only connection the Northern District of Illinois has with the instant cause of action is that defendant is located here and presumably sent the allegedly offending letter from here. However, as defendant contends, receipt of the letter, not the actual production of the letter, is the focus of this case. See Hyman v. Hill & Associates, No. 05-C-6486, 2006 WL 328260, at *2 (N.D. Ill. Feb. 9, 2006) (finding that the Northern District of Illinois bore a stronger relationship to the FDCPA dispute and was the situs of material events because the allegedly abusive phone calls were received in Illinois). Accordingly, because plaintiff and all potential class members are foreigners to Illinois and this district has limited contacts with the cause of action, the fact that plaintiff chose this district has little significance.

Defendant argues that because plaintiff and all of the potential class members received the offending letters in Texas, Texas is the situs of material events. In response, plaintiff argues that the creation of the envelope and the mailing of the letter are the material events of this lawsuit, not receipt of the letter. In support of this position, plaintiff relies on Bartlett v. Heibl, 128 F.3d 497, 499-500 (7th Cir. 1997), arguing that the Seventh Circuit has rejected the position that receipt of the debt collection letter is the material event in an FDCPA case. Plaintiff's reliance on Barlett is misplaced because Barlett did in fact receive the collection letter at issue, but failed to read it. Bartlett, 128 F.3d at 499 ("Heibl sent Bartlett a letter, which Bartlett received but did not read"). Barlett is also inapplicable to the present action because it did not involve section 1692f(8), but instead was a section 1692g(a) claim. Consequently, whether section 1692f(8) of the FDCPA requires receipt of the debt collection letter was not addressed by the Bartlett court.

Section 1692f(8) prohibits the use of "any language or symbol, other than the debt collector's address, on any envelop when communicating with a consumer by use of the mails or by telegram." It is unclear to this court how a debt collector can communicate with a debtor by letter or telegram, as provided by the statute, without the debtor receiving the actual letter. Accordingly, the court concludes that the situs of material events in this action was Texas, not Illinois, and therefore the second private interest factor also weighs in favor of transfer. See Hyman, 2006 WL 328260 at *2.

In regard to the third and fifth elements – the relative ease of access to sources of proof and the convenience of the witnesses – plaintiff argues that "logic dictates that substantial documentary evidence and witnesses is [sic] located in [sic] right here in Illinois." Plaintiff,

4

however, does not identify what documents or non-party witnesses may actually be in Illinois. This is likely because there are not any. Plaintiff's contention that discovery will focus on Asset's "practices in collecting debts" is without merit, because the only contested issue in this case is whether the visibility of defendant's name and plaintiff's account number on the envelopes plaintiff and putative class members received violated section 1692f(8). Defendant does not dispute that it is a debt collector or that it sent the letter to plaintiff. In fact, plaintiff himself admits that "[t]he only relevant document relevant to Plaintiff's FDCPA claim" is the collection letter, which, of course, plaintiff and the putative class members already have in their possession, in Texas. Consequently, because the relevant evidence – the letters and envelopes plaintiff and putative class members received – are in Texas, the third element of the court's analysis weighs in favor of transfer. The fifth element is neutral because neither party has identified any non-party witnesses. See Hyman, 2006 WL 328260 at *3 ("employees of parties are irrelevant to the convenience analysis").

The remaining private interest factor – the convenience of the parties – also favors transfer. Despite residing in Texas, plaintiff argues that Texas is the "most inconvenient place" for him to litigate this action. In support of this contention, plaintiff contends that "[i]f Asset ultimately prevails on the merits and thereafter seeks and award of attorneys' fees and costs, such fees and costs will be astronomically higher for Plaintiff than if the matter remained in this District given the sheer number of witnesses, documents, and other evidence that are likely physically located in Illinois." As discussed above, however, it is unlikely that any non-party witnesses, documents, or other evidence are located in Illinois. Moreover, there is no fee shifting provision in the FDCPA for a successful defendant, and in any event, section 1404(a)'s

analysis is concerned with the convenience of litigating the case, not the remote possibility of a post-judgment award of attorney's fees. It appears that the real inconvenience plaintiff is concerned with is that some of his attorneys[2] are located here, a consideration that is entitled to little weight. See, e.g., SwingAway Sports Prod., Inc. v. Escalade, Inc., No. 11-C-7949, 2012 WL 1431277, at *3 (N.D. Ill. Apr. 23, 2012).

In considering the convenience of the parties, the court is most concerned with the convenience of the putative class members whom plaintiff seeks to represent. Absent any who may have moved out of state within the last year, these 40 potential class members reside in Texas. While plaintiff has altruistically "declared [that] he is willing" to travel from San Antonio to Chicago, potential class members have not. If plaintiff's proposed class is certified, class members desiring to take part in this action will be forced to travel a much greater distance than if the case was heard in San Antonio.

Having found that the majority of the private interest factors weigh in favor of transfer, the court must also consider the public interest factors, which include: (1) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving the controversies in their locale; (2) the court's familiarity with the applicable law; and (3) the congestion of respective court dockets and the prospect for earlier trial. Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997). The first factor weighs slightly more in favor of transfer to the Western District of Texas because Texas is where plaintiff and putative class members were allegedly injured. While, as plaintiff points out, "Illinois unquestionably has an interest in regulating the behavior of debt collectors like Asset who operate and conduct

---

[2] Plaintiff's lead attorney is Andrew Thomasson of Jersey City, New Jersey.

6

business within its borders," the material events of this action occurred in Texas, providing Texas with a greater interest in this case.

Because this case concerns federal law, the second factor is neutral. See Amorose v. C.H. Robinson Worldwide, Inc., 521 F. Supp. 2d 731, 737 (N.D. Ill. 2007). In opposition to plaintiff's contention, just because more FDCPA cases may be filed in this district does not mean that the Northern District of Illinois is more familiar with the federal statute at issue than the Western District of Texas.

Finally, the court must consider the dockets of the two districts in question. Plotkin v. IP Axess, Inc., 168 F. Supp. 2d 899, 904 (N.D. Ill. 2001) (utilizing Federal Court Management Statistics to evaluate the congestions of each courts' dockets and the prospect for an earlier trial). The median time from filing to trial for civil cases in the Northern District of Illinois as of December 2014, is 34.2 months, while the same interval is only 19.6 months in the Western District of Texas. Additionally, the median length of time for disposition of civil cases is 7 months in the Northern District of Illinois, but just barely shorter in the Western District of Texas at 6.7 months. Although these statistics do not shed light on the speed of litigating an FDCPA case, generally the Western District of Texas is likely to process the instant case sooner whether or not it goes to trial, thereby titling this final factor slightly in favor of transfer.

Because the majority of both private and public interest factors weigh in favor of transfer, the court finds that the Western District of Texas is a more convenient venue than the Northern District of Illinois, and that transfer is in the interest of justice.

**CONCLUSION**

For the forgoing reasons, defendant's motion to transfer venue to the Western District of Texas is granted.


**ENTER:** April 27, 2015

**Robert W. Gettleman
United States District Judge**